UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22944-MC-SEITZ/O'SULLIVAN

IN RE TJX COMPANIES RETAIL
SECURITY BREACH LITIGATION
(including cases transferred pursuant to
THE TJX COMPANIES, INC.
CUSTOMER DATA SECURITY BREACH
LITIGATION)
_____/

## ORDER

This matter is before the Court on the Plaintiffs' Motion and Incorporated Memorandum to Compel Kelly A. Gambello To Appear for Deposition and to Produce Documents (DE # 1, 10/23/08). Having reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion and Incorporated Memorandum to Compel Kelly A. Gambello To Appear for Deposition and to Produce Documents (DE # 1, 10/23/08) is DENIED in accordance with this Order.

Kelly A. Gambello, a non-party objector and appellant in this action in the District Court of Massachusetts, failed to appear for deposition and to produce documents on July 9, 2008. Gambello was personally served at her residence located at 2600 NE 12th Street, Ft. Lauderdale, FL 33304, with a subpoena issued by this Court, commanding her attendance at deposition at 9:00 AM on July 9, 2008. On July 5, 2008, Gambello's attorney, on her behalf, filed in the U.S. District Court for the District of Massachusetts, a motion seeking a protective order. The plaintiffs and the TJX companies filed responses to that motion on July 7, 2008. Gambello or her attorney did not appear at the Final Fairness Hearing in the District Court of Massachusetts on July 15, 2008. Gambello did

not file a Motion to Quash the Subpoena. The Court granted final approval of the settlement on July 15, 2008, and entered Judgment in the matter on September 2, 2008. Gambello filed a Notice of Appeal on October 2, 2008.

The defendants do not cite any authority permitting the taking of a post-judgment deposition of an objector-appellant in a class action. The defendants cite to <u>Lockwood v. Certegy Check Servs., Inc.</u>, No.07-1434-T-23TGW (M.D. Fla. August 18, 2008), in support of the motion, however, the deposition in that case was ordered to be taken prior to the final fairness hearing, prior to the final judgment, and prior to the appeal. Moreover, "[t]he filing of a notice of appeal generally strips the district court of jurisdiction as to the matters appealed." <u>United States v. Farmer</u>, 923 F.2d 1557, 1565 (11th Cir. 1991).

DONE AND ORDERED in CHAMBERS at Miami, Florida, this 9th day of December, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
U.S. District Court Judge Seitz
All Counsel of Record

Sent by Chambers to:

William Kenneth Dippel, Esq.
12201 Merit Drive, Suite 670
Dallas, TX 75251